SALEM GRIGGS *vs.* LORENZO MORGAN.

If, in an action to recover for money paid as the price of goods in the possession of a third person, who has given to the defendant a written promise to deliver them to him, it appears that the defendant has assigned the written promise to the plaintiff, who has been unable to obtain the goods of the promisor, and that the plaintiff has accordingly returned the written promise to the defendant, who has refused to take it, saying that he had sold it to the plaintiff and had no more to do with it, the plaintiff may recover, without demanding the goods of the defendant or returning to him again the written promise.

CONTRACT brought to recover the sum of $99.50, paid by the plaintiff to the defendant for ninety gallons of neat's-foot oil.

At the trial in the superior court, before *Rockwell*, J., the plaintiff introduced evidence tending to prove that the defendant offered to sell to him ninety gallons of oil, which he had at the place of business of O. B. Elliott in Worcester, at one dollar and ten cents a gallon ; that the plaintiff agreed to take half of it at that price, and gave to the defendant his check for fifty dollars, which was duly paid. The plaintiff subsequently gave notice of the transaction to Elliott, who informed him that he had given to the defendant a note for the delivery of the oil, and requested the plaintiff to procure the same, that the oil delivered to the plaintiff might be indorsed upon it. This was the first information that the plaintiff had of the existence of such a written promise. The plaintiff afterwards wrote to the defendant in relation to the purchase of the remainder of the oil, and, having received a favorable reply, wrote requesting to have " the note " sent, so that the oil might be indorsed upon it. This was done, and the plaintiff sent to the defendant his check for forty-nine dollars and fifty cents, which was duly paid. The written promise of Elliott was as follows : " Oxford, August 23,

1862. For value received, I promise to pay L. Morgan ninety gallons of neat's-foot oil, to be of first quality, delivered at L. Snow's harness shop by the first of January 1863." This was sent by the defendant to the plaintiff, who on the 9th of December 1862 returned it to the defendant for his indorsement The defendant returned it, indorsed " without recourse." Elliott refused to deliver the oil to the plaintiff, on the ground that the consideration of his promise to the defendant had failed ; but of this refusal the defendant had no notice. On the 11th of December, the plaintiff sent the following letter to the defendant,. with the written promise of Elliott : " Inclosed I return your note. I am not in the habit of paying out money for notes without recourse. Have the goodness to return me the money by return mail." To this the defendant replied as follows, returning the written promise : " In regard to the note, I sold it to you fairly, and you had it before you sent the check, and I have nothing to do with it ; so I return it." The plaintiff testified that he never received any of the oil, that he made no personal demand upon the defendant for it, and did not again return or offer to return to him the written promise of Elliott; whereupon the judge ruled that the plaintiff was not entitled to recover.

The jury accordingly returned a verdict for the defendant, and the plaintiff alleged exceptions.

*W. W. Rice*, for the plaintiff.

*P. E. Aldrich*, for the defendant.

METCALF, J. It has been objected, in argument, against the maintenance of this action, that the plaintiff offered no evidence, at the trial, that the defendant had a reasonable time within which to deliver the oil to the plaintiff, before the action was commenced. But we think this matter is not open to the defendant on these exceptions, as it does not appear that it was either raised or ruled upon at the trial. Besides ; we are of opinion — for reasons presently to be given — that no demand on the defendant to deliver the oil was a prerequisite to the maintenance of the action. Nor do we perceive any laches in the plaintiff's attempts to obtain the oil from Elliott.

The two grounds of the ruling at the trial were, that the plaintiff did not make a personal demand upon the defendant for the oil, and that he did not return nor offer to return to him Elliott's note before the commencement of the action.    As already stated, we think a demand on the defendant for the oil was not required by the law, in order to make him liable in this suit.    Not only had he no oil, but he had, by his conduct, denied that he had contracted with the plaintiff for the sale of oil to him.    This, if not in strictness a waiver of a demand, was a sufficient legal reason for the plaintiff's omission to make it. *Brigham* v. *Clark*, 20 Pick. 51.    *Heard* v. *Lodge*, 20 Pick. 61.

The plaintiff was under no legal obligation to make a second return to the defendant of Elliott's note, before bringing this action.    As the case now appears, the plaintiff never contracted for the note as his own property, and therefore he rescinded no contract concerning it.    It follows that this is not a case in which he was required by law to put the defendant *in statu quo*.

*Exceptions sustained.*